TGCHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
  Kenneth M. Fitzgerald, Esq. (Bar No. 142505)
  kfitzgerald@cfsblaw.com
  Jill M. Sullivan, Esq. (Bar No: 185757)
  jsullivan@cfsblaw.com
  Jennifer Chapman Arnold, Esq. (Bar No. 253065)
  jcarnold@cfsblaw.com
550 West C Street, Suite 2000
San Diego, California  92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

Attorneys for Plaintiff
VIASAT, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| VIASAT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PEARL NETWORKS, INC., YONDER WIRELESS OF CALIFORNIA, LLC, YONDER BROADBAND OF CALIFORNIA – YUBA, LLC,<br><br>Defendants. | Case No. 2:11-CV-03146-MCE (EFB)<br><br>**STIPULATED PERMANENT INJUNCTION; ORDER THEREON** |

Plaintiff ViaSat, Inc. and Defendants Pearl Networks, Inc., Yonder Wireless of California, LLC, and Yonder Broadband of California—Yuba City, LLC, (collectively, "Defendants") hereby stipulate to the following permanent injunction:

Defendants and each of their successors, predecessors, assigns, past, present, and future U.S. or foreign parents, holding companies, shareholders, owners, members, managers or managing agents, general or limited partners, officers, directors, employees, agents, representatives, subsidiaries, affiliates, distributors, dealers, and all persons or entities in active concert or participation with them, are hereby permanently enjoined and restrained from using the YONDER service marks, (U.S. Registration Nos. 3,739,881 and 3,978,158) or any other mark confusingly similar to the YONDER service marks.  Defendants shall have until April 15, 2012 to effect and complete their transition away from use of the YONDER service marks, after which date they shall cease any use of the marks in any fashion.

**Domain Names and Social Media**.  Defendants and each of their successors, predecessors, assigns, past, present, and future U.S. or foreign parents, holding companies, shareholders, owners, members, managers or managing agents, general or limited partners, officers, directors, employees, agents, representatives, subsidiaries, affiliates, distributors, dealers, and all persons or entities in active concert or participation with them, agree to transfer to ViaSat, Inc. each and every internet domain name and social media name and profile that they own or control that uses the word "yonder," or any derivative thereof, or any name or stylized word that is confusing similar to the YONDER service marks, at no cost to ViaSat, Inc.

///

///

      a. The domain names that will be transferred to ViaSat, Inc. include: www.yondermedia.com, www.yonderwireless.com, and www.yonderspot.com, as well as any other domain name that fits the description, even if not specified in this stipulated permanent injunction.  Defendants agree to stop using and transfer the "yonder" domain names to ViaSat, Inc. on or before May 15, 2012 (within 30 days of the expiration of the Rebranding Period, defined below).

      b. The social media names and profiles that will be transferred to ViaSat, Inc. include: https://twitter.com/YonderCEO, as well as any other social media name or profile that fits the description, even if not specified in this stipulated permanent injunction.  Defendants agree that if they cannot transfer these to ViaSat, Inc., then Defendants will immediately de-activate the non-transferable social media names and profiles and provide ViaSat, Inc. with any user information that is required to login to the social media names and profiles, including user IDs and passwords.  Defendants agree to stop using and transfer the "yonder" social media names and profiles during the Rebranding Period, defined below.

    **Rebranding.**  Defendants agree that they will, within the "Rebranding Period" (defined below), cease operation of business under any name that includes the word "yonder," or any derivative thereof, or any name or stylized word that is confusing similar to the YONDER service marks, with the sole exception that Defendants may continue using the "yonder" domain names for no more than 30 days after the expiration of the Rebranding Period.

///
///
///
///

    **a. Rebranding Period**.  The term "Rebranding Period" means the period of time beginning now and ending April 15, 2012.

    **b. Business Registration**.  Defendants agree that they shall, within the Rebranding Period, deregister, suspend, or otherwise deactivate any business registration that includes the word "yonder," or any derivative thereof, or any name or stylized word that is confusing similar to the YONDER service marks.

    **c. No Active Marketing**.  Defendants agree not to actively market themselves or their services during the Rebranding Period in order to avoid confusion about the origin of the YONDER service marks.

    **d**. **Limited Active Fundraising.**  Defendants may continue to use the word "yonder" in conjunction with fundraising activities during the Rebranding Period.  Defendants may not use the word "yonder" for any purpose, including fundraising, after the expiration of the Rebranding Period.

    **e. Use of Disclaimer**.  Until Defendants comply fully with their rebranding obligations, they agree to place on any electronic communication, including electronic mail and social media profiles, which contains the word "yonder," or any derivative thereof, or any name or stylized word that is confusing similar to the YONDER service marks, and on any website owned or operated by Defendants the following message in at least 8-point legible font:

> YONDER® is a registered service mark of ViaSat, Inc., which is in no way affiliated with, sponsors, authorizes, or endorses this company or its services.

///

///

///

  **f. Confirmation of Rebranding**.  Defendants agree that they shall, within the Rebranding Period, send written notice to ViaSat, Inc. certifying that they have complied with their rebranding obligations.

 **Continuing Covenant Not to Infringe**.  Defendants agree that, after the Rebranding Period, they shall not use the word "yonder," or any derivative thereof, or any name or stylized word that is confusing similar to the YONDER service marks, in commerce, with the limited exception that they may continue to use the "yonder" domain names until May 15, 2012.  The parties understand that, after the Rebranding Period, the Defendants will be doing business under different names that do not infringe, and that this stipulated permanent injunction is binding on their successors-in-name.

 **Court Retains Continuing Jurisdiction and Venue**.  Plaintiff and Defendants consent to the continuing jurisdiction of, and venue in, this Court (meaning the Eastern District of California, Sacramento Division) to enforce this stipulated permanent injunction.

Dated: February 28, 2012.      _____
                 ViaSat, Inc.

Dated: February 27, 2012.      _____
                 Pearl Networks, Inc.

Dated: February 27, 2012.      _____
                 Yonder Wireless of California, LLC

Dated: February 27, 2012.      _____
                 Yonder Broadband of California—Yuba City, LLC

Approved as to form and content.

Dated:   March 5, 2012                         Chapin Fitzgerald Sullivan & Bottini LLP

                                               By:  /s/
                                                   Kenneth M. Fitzgerald, Esq.
                                                   Jill M. Sullivan, Esq.
                                                   Jennifer Chapman Arnold, Esq.
                                                   Attorneys for ViaSat, Inc.

## Order

The stipulated permanent injunction is APPROVED, pursuant to Local Rule 143.

IT IS SO ORDERED.

Dated:  March 5, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE